# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00524-CR

**Michael Ray Ellsworth, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2016-318, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Michael Ray Ellsworth guilty of aggravated sexual assault of a child younger than six years of age for sexual abuse appellant perpetrated against his cousin's four-year-old son. *See* Tex. Penal Code § 22.021(a)(1)(B)(i), (iv) (defining aggravated sexual assault of child as intentionally or knowingly causing penetration of anus of child by any means or intentionally or knowingly causing anus of child to contact sexual organ of another person, including actor). Appellant elected to have the trial court determine his punishment, *see* Tex. Code Crim. Proc. art. 37.07(2)(b), and the trial judge assessed appellant's punishment at confinement for life in the Texas Department of Criminal Justice, *see* Tex. Penal Code § 22.021 (e) (categorizing offense, generally, as first degree felony), (f) (increasing minimum term of imprisonment to 25 years if child victim younger than six years of age).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant did not file a motion requesting access to the record, and, to date, has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the trial proceedings below and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.[1]

---

[1] Appointed counsel certified to this Court that he advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See*

On review of the record, however, we observe that the written judgment of conviction in this case contains non-reversible clerical error. The judgment states that the "Statute for Offense" is "22.021(f) Penal Code." This statutory provision establishes that the minimum term of imprisonment for aggravated sexual assault of child is increased to 25 years if the victim of the offense is a child younger than six years of age at the time of the offense. This provision applies here as the child victim was four years old at the time of the offense. However, the applicable statutory provisions for the offense for which appellant was convicted also include subsections (a)(1)(b)(i) and (iv) of section 22.021 of the Penal Code, the statutory provisions that define the offense of aggravated sexual assault of child as charged in this case.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the judgment of conviction to reflect that the "Statute for Offense" is "22.021(a)(1)(b)(i), (iv), (f) Penal Code."

As so modified, the trial court's judgment of conviction is affirmed.

---

Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). The duty to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

3

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Modified and, as Modified, Affirmed

Filed:   October 9, 2018

Do Not Publish